# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ERNEST JOHNSON, ) | |
| ) | |
| Petitioner, ) | Case No. 11-08001-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY

This case arises from Petitioner Ernest Johnson's ("Johnson's") three first-degree murder convictions and death sentence. On February 20, 2013, the Court issued an order (Doc. 30) denying Petitioner's Writ of Habeas Corpus ("Petition"). In the same order (Doc. 30), pursuant to Rule 11(b) of the Rules Governing Section 2254 Proceedings, the Court declined to issue a certificate of appealability for the claims presented in Johnson's Petition. Currently pending before the Court is Johnson's Application for Certificate of Appealability ("Application") (Doc. 38), which requests the Court reconsider its denial of the certificate of appealability. The Application seeks permission to appeal the Court's denial of relief on claims I, II, III, IV, V, and VII in Johnson's Petition.[1] After careful consideration of the parties' briefs,[2] the Application is DENIED.

As a jurisdictional prerequisite to appealing the denial of habeas corpus relief, a petitioner must seek a certificate of appealability from either a court of appeals judge or the presiding district court judge. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see*

---

[1] Johnson did not petition the Court to issue a certificate of appealability on claims VI and VIII.

[2] In reaching its decision, the Court considered Johnson's Application (Doc. 38), Respondent's Suggestions in Opposition of the Application (Doc. 40), and Johnson's Reply Suggestions in Support of His Application (Doc. 41).

*also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citations omitted).

Johnson has failed to satisfy the standard for issuance of a certificate of appealability. For claims II, III, IV, V, and VII he argues that the Missouri courts erred in denying his various constitutional claims. The question, however, is not whether the state properly decided the claims in the first instance, but rather, whether the district court properly resolved the constitutional claims through the application of AEDPA. *See Miller-El*, 537 U.S. at 336 ("The COA determination…[requires the reviewing court to] look to the *District Court's application of AEDPA to petitioner's constitutional claims* and ask[s] whether that resolution was debatable among jurists of reason.") (emphasis added). Even for claim I, which was argued under the proper standard, the Court finds that its application of AEDPA did not result in a "resolution [that] was debatable among jurists of reason." For these reasons, the Court DENIES the Application.

**IT IS SO ORDERED.**

Dated: September 26, 2013          /s/ Greg Kays
                                   GREG KAYS,
                                   UNITED STATES DISTRICT JUDGE

2

Case 4:11-cv-08001-DGK   Document 42   Filed 09/26/13   Page 2 of 2